D'Antona, Appellant, *v.* Hampton Grinding Wheel Company, Inc.

Submitted June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and SPAETH JJ.

*Robert A. Freedberg* and *Louis S. Minotti,* for appellant.

*Mark H. Scoblionko,* and *Scoblionko & Scoblionko,* for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant contends that the court below erred in sustaining appellee's preliminary objections to his complaint because it failed to state a cause of action.

In the amended complaint, appellant alleged that he was employed as a castings grinder on January 30, 1970. In the course of his employment, his machine's grinding wheel exploded into fragments striking and seriously injuring appellant's arms and legs.

Appellant filed complaints against three defendants: his employer (Lehigh Industries);[1] the manufacturer of the grinding wheel (Hampton, Inc.); and the manufacturer of the grinding wheel machine (Setco, Inc.), appellee herein. The allegations indicate that Hampton sold the wheel to Lehigh which installed it on a grinding wheel machine manufactured and sold by Setco. The complaint also averred that the wheel was a component part of the machine to which it was attached.

Appellant averred that both Setco and Hampton were liable for negligence, breach of warranty and strict liability under §402A, Restatement of Torts 2d. In the warranty and 402A claims,[2] appellant advanced as alternative theories of recovery that: (1) Hampton sold a defective wheel which malfunctioned causing his injuries; or (2) Setco manufactured and sold a defective machine which malfunctioned causing the component wheel to explode.[3] Hampton and Setco both

---

[1] On June 16, 1972 Lehigh moved to dismiss appellant's complaint against it for the reason that appellant's exclusive remedy for injuries sustained while employed by Lehigh is under The Pennsylvania Workmen's Compensation Act. As amended, 1956, Feb. 28, P. L. (1955) 1120, §1 et seq.; 1972, March 29, P. L. 159, No. 61, §1 et seq., 77 P.S. §1 et seq. Neither the record nor the docket entries reflect the disposition of these objections.

[2] Because of the basic identity of these two causes of action [see *Miller v. Preitz*, 422 Pa. 383, 221 A. 2d 320 (1966); *MacDougall v. Ford Motor Co.*, 214 Pa. Superior Ct. 384 (1969); *Greco v. Bucciconi Engineering Co.*, 283 F. Supp. 978 (W.D. Pa. 1967) aff'd 407 F. 2d 87 (3d Cir. 1969)], they will be discussed together.

[3] "Causes of action . . . may be pleaded in the alternative." Pa. R.C.P. No. 1020(c). The reason for this rule is especially appropriate to this case and is well stated in Goodrich-Amram Standard Pennsylvania Practice, §1020(c)-1 (1962): "[alternative pleading] may be used *to join two or more defendants when it is not clear which defendant caused the loss* or to join two or more theories of action when it is not clear which theory is applicable to the facts." (Emphasis supplied.)

demurred to the complaint. Setco's demurrer was sustained and Hampton's denied.

In determining whether preliminary objections should have been sustained, we must examine the averments of the complaint and determine whether they would permit recovery if ultimately proven. *Ottman v. Nixon-Nirdlinger*, 301 Pa. 234, 151 A. 879 (1930). If any doubt exists on this issue, the objections should not be sustained. *Schrader v. Heath*, 408 Pa. 79, 182 A. 2d 696 (1962).

In *MacDougall v. Ford Motor Company*, 214 Pa. Superior Ct. 384, 257 A. 2d 676 (1969), we held "that the occurrence of a malfunction of machinery *in the absence of abnormal use and reasonable secondary causes* is evidence of a 'defective condition' within the meaning of §402A as it is evidence of lack of fitness for warranty liability." 214 Pa. Superior Ct. at 391 (emphasis supplied). Proof that "a product functioned improperly in the absence of abnormal use and reasonable secondary causes . . . establishes a 'defective condition'." *Greco v. Bucciconi Engineering Co.*, 407 F. 2d 87, 89-90. (3d Cir. 1969).[4]

Appellant has alleged that Setco's defective machine caused the component wheel to malfunction causing injuries to him. Given that proof of a malfunction in a machine is evidence of a defective condition sufficient to sustain recovery, a cause of action is adequately pleaded if a specific malfunction is alleged. The lower court recognized this holding that appellant adequately pleaded a cause of action against Hampton by alleging the explosion of the wheel. Since, however, the explosion occurred in the wheel itself, and not in the machine

---

[4] Accord, *Franks v. National Dairy Products*, 414 F. 2d 682 (5th Cir. 1969) ("a defect can be inferred from unexplained occurrences" and need not be directly proved. 414 F. 2d at 687) ; *Kridler v. Ford Motor Co.*, 422 F. 2d 1182 (3d Cir. 1970) ; *Cintrone v. Hertz Leasing*, 45 N.J. 434, 212 A. 2d 769 (1965).

to which it was attached, the court held that appellant had not set forth a cause of action against Setco.

The effect of the lower court's holding is to deny appellant an opportunity to prove his case against Setco because the malfunction manifested itself in the component wheel rather than in the machine. The stress placed upon the location of the malfunction was erroneous.

Liability under §402A[5] depends, not on *where* a malfunction occurs, but on whether a defective condition in a product has caused harm to a user or consumer. The malfunction itself is circumstantial evidence of a defective condition, and a plaintiff may recover by showing the malfunction and the absence of abnormal use and reasonable secondary causes. Neither the language of §402A nor the cases applying it, however, precludes a plaintiff from recovering when the defect in the product manifests itself in a malfunctioning part which is expected and intended to be attached thereto. Appellant should be permitted the opportunity to show that a defect in Setco's machine caused his injuries. We therefore hold that appellant's averment that a defective condition in Setco's machine

---

[5] §402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

caused the wheel to explode sufficiently states a cause of action against Setco despite the fact that the explosion occurred in a component part manufactured by someone else.

Setco also argues that the placement of the wheel on the machine after Lehigh purchased it constituted such a change in Setco's product as to preclude recovery under a theory of strict liability. A seller is liable under §402A for defects in its product if "[the product] is expected to and does reach the consumer without substantial change. . . ." As a matter of law, we cannot say that the attachment of Hampton's wheel to Setco's machine was a substantial or an unexpected change in Setco's product. The test in such a situation is whether the manufacturer could have reasonably expected or foreseen such an alteration; such a determination is for the fact-finder unless the inferences are so clear that a court can say as a matter of law that a reasonable manufacturer could not have foreseen the change. See, e.g., *Anderson v. Klix Chemical Co.*, 472 P. 2d 806 (Ore. Sup. Ct. 1970); *O. C. Stapely Co. v. Miller*, 103 Ariz. 556, 447 P. 2d 248 (1968); *Mazzi v. Greenlee Tool Co.*, 320 F. 2d 821 (2d Cir. 1963). Determination of this issue should, therefore, await trial.

With respect to appellant's count in negligence, the court below held that the appellant did not set forth sufficient facts to allow Setco to answer them and prepare a defense. Appellant alleged the following: failure to make reasonable inspection; failure to warn of defects; failure to conform to industry standards and codes in the manufacture and testing of the machine; and failure to comply with state and federal statutes with respect to the manufacture of the machine.

"The general rule that sufficient facts must be pleaded to ennable a defendant to prepare a defense is the touchstone to whether the pleading is adequate."

Goodrich-Amram, *Procedural Rules Service,* §1019(a) (5). A plaintiff must set forth only the operative facts on which he relies for his claim, and not the evidentiary facts upon which his claim rests. Goodrich-Amram, 3 *Standard Pennsylvania Practice,* §33, p. 143. With these principles in mind, we believe that appellant has fulfilled his obligation of pleading sufficient facts to allow Setco to prepare a defense. Setco should have knowledge of its inspection procedures, the warnings given to users of its machines, and its compliance with industry standards, and federal and state statutes. With this knowledge, Setco should be able to answer appellant's averments and demand proof of its alleged derelictions at trial. Under these circumstances, appellant should be permitted to present evidentiary facts to support his allegations.

The Judgment of the lower court is reversed, and the case remanded for reinstatement of appellant's complaint.

CERCONE, J., concurs in the result.

JACOBS, J., dissents.