Robert C. MERRIWEATHER, Appellant,

v.

E. W. BLISS COMPANY, Gulf & Western Manufacturing Company and Gulf & Western Industries, Inc.

v.

GENERAL ELECTRIC COMPANY.

No. 80–1454.

United States Court of Appeals, Third Circuit.

Argued Oct. 16, 1980.

Decided Dec. 10, 1980.

Stanley B. Gruber, Freedman & Lorry, Philadelphia, Pa., for appellant.

Austin Hogan, Krusen, Evans & Byrne, Philadelphia, Pa., for appellee.

Before GIBBONS and ROSENN, Circuit Judges, and WEBER,* District Judge.

## OPINION OF THE COURT

WEBER, Chief Judge.

This is an appeal from a trial court order denying the plaintiff's motion for a new trial in a products liability case. In this appeal we are called upon to determine whether the district judge correctly charged the jury on the doctrine of substantial change under § 402A of the Restatement (Second) of Torts, as that doctrine is interpreted by the courts of Pennsylvania.[1] Be-

---

* Honorable Gerald J. Weber, Chief United States District Judge for the Western District of Pennsylvania sitting by designation.

1. § 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

cause we believe that the trial judge erred in his application of Pennsylvania law in this diversity case we will reverse and remand for a new trial.

On January 14, 1975 the appellant, plaintiff below, was severely injured when the jaws of the 45 ton press he was operating descended, crushing his hands. At the time of the accident the appellant had been attempting manually to remove some fabric from the bottom die of the press. While he was attempting to remove this fabric, the appellant's foot inadvertently came into contact with the electric foot switch which operated the press, causing that press to descend and injure him.

This power press had been manufactured by E. W. Bliss Company some nineteen years earlier. At the time of its manufacture the press had been equipped to operate by means of a mechanical foot treadle. At that time it was also the practice of E. W. Bliss Company to manufacture and deliver these presses without any point of operation guards whatsoever.

After its delivery to the appellant's employer, General Electric Corporation, several modifications were made to this press by General Electric. First, the mechanical foot treadle was removed and the press was equipped with electric operating controls. These controls permitted the press to operate in one or two ways, by either: (1) simultaneously pressing two palm buttons, one by each hand; or (2) pressing an electric foot switch. In addition General Electric installed hairpin or finger guards around the pinch points of the press. However, these guards could be removed by the operator or adjusted in such a manner as to enable the operator to place his hands under the ram of the press.

Following his injury the appellant brought this action against E. W. Bliss Company in the United States District Court. At trial the appellant proceeded under the theory that Bliss was strictly liable for his injury because Bliss' failure to install adequate point of operation guards rendered the press unsafe for its intended use at the time it left the manufacturer's hands.

In its defense Bliss relied principally upon the doctrine of substantial change, as set forth in § 402A(1)(b) of the Restatement (Second) of Torts. According to Bliss it could not be held liable for the injuries suffered by Mr. Merriweather because the press in question had been substantially changed by General Electric after it had left Bliss' control.

Because of the nature of the defense raised by Bliss the trial court, in its charge to the jury, referred extensively to the concept of substantial change. The court refused, however, to charge that reasonably foreseeable changes in a product would not absolve the manufacturer of liability for injuries caused by that product. Instead, over the appellant's objections, the court instructed the jury on substantial change without any reference to reasonable foreseeability. Given these instructions, the jury returned with a verdict for the defendant.

In its motion for new trial the appellant raised the arguments which are made here: (1) that any reference to the doctrine of substantial change in a jury instruction was barred by the Pennsylvania Supreme Court's decision in *Azzarello v. Black Bros. Co., Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978); (2) that, in this case, the question before the jury was one of proximate cause and not of substantial change; and, (3) that, if instructions were given on the question of substantial change, then those instructions must also discuss the foreseeability of such change. Appropriate requests for instruc-

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

tions and objections to the charge were timely made by appellant. The trial court denied this motion and the instant appeal followed.

Because we believe that the appellant is correct on the last of these three contentions we will reverse and remand for a new trial.

The appellant has argued vigorously that the concept of substantial change has no place in Pennsylvania's law of products liability following *Azzarello v. Black Bros. Co. Inc., supra.* As the appellant reads it, *Azzarello* purports to condemn broadly the use in product liability cases of any concept which "rings of negligence". Because the question of substantial change is often framed in terms of reasonable foreseeability, the appellant argues that it is essentially a negligence concept. Therefore, under the appellant's reasoning, *Azzarello* precludes any reference to substantial change in jury instructions in product liability cases.

We disagree. In our opinion, the appellant's reliance on *Azzarello* is misplaced in this case. As we view it, that decision simply concluded that the phrase "unreasonably dangerous" was inconsistent with the policy of consumer protection underlying § 402A because it unnecessarily diverted the jury's attention from the factual question of whether a "defective condition" existed; instead, the phrase focused jury attention on the legal question, necessarily informed by a balancing of social policy considerations, whether the alleged defective condition was one that would warrant recovery on a strict liability theory. *See* 480 Pa. at 556, 558, 391 A.2d at 1025, 1026. At no point, however, does the court in *Azzarello*, either directly or by implication, strike the concept of substantial change from § 402A.

■ Since the adoption by Pennsylvania's courts of § 402A the doctrine of substantial change has been an integral part of that state's law of products liability. *See e. g. Kuisis v. Baldwin–Lima–Hamilton Corp.,* 457 Pa. 321, 331–37, 319 A.2d 914, 921–23 (1974); *Webb v. Zurn,* 422 Pa. 424, 427, 220

A.2d 853, 855 (1966); *D'Antona v. Hampton Grinding Wheel Co.,* 225 Pa.Super. 120, 125, 310 A.2d 307 (1973). Furthermore in this state the question of whether a post–delivery modification constitutes a substantial change in a product has typically been submitted to the jury as a matter for its determination. *See e. g., Takach v. B. M. Root Co.,* —— Pa.Super. ——, 420 A.2d 1084 (1980), (Lipez, J., concurring and dissenting); *D'Antona v. Hampton Grinding Wheel Co., supra.* Moreover, we have, in this court, concluded that, under Pennsylvania law, the question of substantial change is properly one for the jury's consideration. *See e. g., Heckman v. Federal Press Co.,* 587 F.2d 612, 616 (3d Cir. 1979); *Capasso v. Minister Machine Products Co., Inc.,* 532 F.2d 952, 955 (3d Cir. 1976). In fact, in our review of Pennsylvania law on this issue we have failed to find any appellate decisions, either prior to or following *Azzarello,* which have challenged the propriety of this practice. Accordingly we must conclude, in the absence of any clear precedent to the contrary, that the concept of substantial change remains part of the law of Pennsylvania under § 402A.

■ We also conclude that the trial judge acted correctly in this case in choosing to instruct the jury on the doctrine of substantial change. In its brief the appellant argued that an instruction on substantial change is only appropriate when that change occurs before the product reaches its ultimate user. Therefore, changes in a product occurring after that product reaches its user do not raise questions of substantial change but rather present problems of causation. *See e. g., Dennis v. Ford Motor Co.,* 471 F.2d 733 (3d Cir. 1973); *Kuisis v. Baldwin–Lima–Hamilton Corp., supra.*

In this case it is clear that the modifications of the power press occurred after it reached General Electric. Therefore, given this fact, the appellant argues that E. W. Bliss is not entitled in this case to an instruction on substantial change.

■ Again we feel compelled to disagree. The appellant's argument in this case

assumes that a substantial change instruction is inappropriate because the press was already in the hands of its user, General Electric Corporation, at the time the modifications took place. Underlying this assumption is the premise that, for the purposes of liability under § 402A, the "user" of the press is General Electric. We feel, however, that this premise is incorrect. In *Hanlon v. Cyril Bath Co.*, 541 F.2d 343, (3d Cir. 1975) this court concluded, in a similar factual setting that, under § 402A, the "user" of a product is the employee who is injured by that product and not his employer who merely purchased the product. We see no reason to alter this conclusion in the instant case. Accordingly we reject the appellant's contention that a substantial change instruction was inappropriate in this case.

Finally, as previously noted, at trial the court refused a jury instruction which would have limited the substantial change defense to those changes which were not reasonably foreseeable. Instead the court charged the jury on substantial change without any discussion of the limitations that the reasonable foreseeability requirement impose on that defense. This charge, we feel, is not consistent with Pennsylvania law under § 402A.

At the outset we note that insofar as the trial court's charge suppressed the issue of whether the change was expected, it seems inconsistent with the language of § 402A itself. That section of the Restatement indicates that the seller of a product will be liable for injuries caused by that product if "it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold" *See* § 402A(1)(b) Restatement (Second) of Torts. Therefore, by its very terms, § 402A seems to indicate that only unexpected substantial changes will absolve the seller of a product from liability for injuries caused by that product. *See also* Comment P, § 402A Restatement (Second) of Torts (1965).

Furthermore the notion of reasonable foreseeability has been incorporated into the concept of substantial change by the courts of Pennsylvania. *See, e. g., Kuisis v. Baldwin–Lima–Hamilton Corp., supra*, 457 Pa. at 333, n. 15, 319 A.2d at 922, n. 15 ("[i]f the alteration should have been *reasonably* anticipated by the seller, it would be a 'substantial change' within the meaning of § 402A only if it were negligently or improperly implemented." (emphasis added)). Moreover, in a leading Pennsylvania appellate decision on this question, *D'Antona v. Hampton Grinding Wheel Co.*, 225 Pa.Super. 120, 310 A.2d 307 (1973), the Superior Court specifically endorsed the use of the phrase "reasonably foreseeable" in jury instructions dealing with substantial change, stating:

> The test in such a situation is whether the manufacturer could have reasonably expected or foreseen such an alteration; such determination is for the fact–finder unless the inferences are so clear that a court can say as a matter of law that a reasonable manufacturer could not have foreseen the change.

*Id.* at 125, 310 A.2d at 310.

Moreover, in accordance with *D'Antona*, federal courts in this circuit have consistently employed the term "reasonably foreseeable" in jury charges in diversity product liability cases governed by Pennsylvania law. See *Heckman v. Federal Press Co., supra; Capasso v. Minster Machine Co., supra.*

The court below, however, apparently felt that *Azzarello* had, by implication, overruled this line of authority and that, under *Azzarello*, a jury charge on substantial change could not be framed in terms of reasonable foreseeability. We disagree. As we previously noted, the Pennsylvania Supreme Court's decision in *Azzarello* simply deleted the phrase "unreasonably dangerous" from jury instructions in product liability cases. It did not purport to address the question of substantial change at all. Moreover, following *Azzarello* this court has specifically approved jury charges in product liability cases which were framed in terms of reasonable foreseeability. *See, Baker v. Outboard Marine Corp.*, 595 F.2d 176, 183–184 (3d Cir. 1979), (approving an

instruction on superseding cause in a product liability case which incorporates reasonable foreseeability). *See also, Heckman v. Federal Press Co., supra.* Therefore we find no precedential basis for the district court's conclusion that *Azzarello* has implicitly deleted the phrase reasonably foreseeable from jury instructions on substantial change.

But more fundamentally, we find that the trial court's instruction was in error because it directly contradicted the policies underlying the Pennsylvania Supreme Court's decision in *Azzarello*. In *Azzarello* the court eschewed the use of the phrase unreasonably dangerous in large part because it felt that that phrase improperly de–emphasized the duty of the manufacturer to act as the guarantor of his product's safety. *See Azzarello, supra,* 480 Pa. at 559, 391 A.2d at 1027. Were we to adopt the approach to the substantial change doctrine accepted by the district court in this case we would significantly undercut this policy. If the manufacturer is to effectively act as the guarantor of his product's safety, then he should be held responsible for all dangers which result from foreseeable modifications of that product. Yet under the view taken by the court below this would not occur. Rather, once the modification of the product was shown to be substantial the manufacturer would be excused from all liability for injuries caused by that product, even if that modification was clearly foreseeable. As a practical matter, therefore, the district court's decision broadens considerably the scope of the substantial change defense. Because the broadening of this defense is inconsistent with the concept of the manufacturer as the guarantor of his product, we feel that the charge given by the district court is in direct conflict with *Azzarello*.

Finally we note that, on the record presented in this case, the issue of the foreseeability of the modification of this press was properly a question for the jury's determination. Therefore, we will reverse and remand this case for further proceedings in accordance with this opinion.