# Cumello v. Penn Treaty Life Insurance Co.

Marc R. Wolfe, for plaintiff.
Martin Cohen, for defendant.

THOMSON, *J.*, January 26, 1981—The above matter comes now before us on preliminary objections in the nature of a motion for a more specific pleading, which defendant has filed to plaintiff's complaint in assumpsit, being a claim for failure to pay for certain benefits under an accident and sickness policy allegedly issued by defendant to plaintiff.

Defendant's basis for objection is that plaintiff, by not attaching proofs of injury and requests for payment, has violated the mandates of Pa.R.C.P. 1019(h), which states that a pleading shall set forth whether any claim is based upon a writing, and, if so, the writing shall be attached thereto, or an explanation for failure to so attach shall be provided, if the writing is inaccessible. Assuming for the moment that such requests and proofs were in writing, we do not believe that failure to attach them violates this rule. The operative phrase is "claim ... based upon a writing." The claim herein is

based upon the policy of insurance which has been attached to the filed complaint. The request for payment and proof of injury are merely evidentiary proofs in support of the claim, and hence, the attachment of such writings which may constitute such would not be required under the rules.

The essential facts necessary to enable defendant to prepare a defense have been adequately set forth, as per the requirements of D'Antona v. Hampton Grinding Wheel Co., Inc., 225 Pa. Superior Ct. 120, 310 A. 2d 307 (1973). Defendant may have recourse to our very liberal discovery rules for purposes of securing any additional information. Hence, we concur with the reasoning of Calloway v. Cameron Auto, Inc., 73 D. & C. 2d 104 (1974), and other lower court decisions cited by plaintiff in his brief that only in the most clear-cut cases should a motion for a more specific pleading be granted, due to the availability of discovery proceedings. We, therefore, hold defendant's motion herein should not be granted.

Hence, the following

## ORDER

And now, January 26, 1981, defendant's preliminary objections in the nature of a motion for a more specific pleading are hereby dismissed. Defendant is given 20 days from date to file an answer to plaintiff's complaint.