DECISION
Before the Court is plaintiff William Simmons' ("Plaintiff") motion for a new trial in the above-entitled case. Following a jury trial, a verdict was entered for the defendant, Lincoln Electric Company ("Defendant"). Thereafter, the Plaintiff, pursuant to R.C.P. 59, timely filed this motion for a new trial. The Court has heard the arguments of counsel on said motion and has reserved decision. Decision is now made and entered.
In his motion, Plaintiff argues that the jurors' responses to the interrogatories (a copy attached hereto) submitted to them pursuant to R.C.P. 49 are inconsistent, thus warranting a new trial. Specifically, plaintiff contends that in this product liability action, the jurors' affirmative response to Question 1 that ". . . the product was at the time of injury in the same condition as manufactured or sold without substantial change or alteration at the time of [plaintiff's] injury" is fundamentally inconsistent with their response to Question 5 that the product at the time of Plaintiff's injury was ". . . . substantially altered" and that such substantial alteration was a cause of Plaintiff's injuries. Such contradictory findings, plaintiff further argues, evidence jury confusion necessitating a new trial.
The purpose of submitting written interrogatories to the jury is to test the validity of the general verdict in a case in which the facts and the law are complex. 1 Kent Rhode Island Practice
§ 49.3 at 365 (1969). It is well-settled that when answers to such special interrogatories are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the Court must return the jury for further consideration of its answers and verdict or must order a new trial. An apparent inconsistency between the findings, however, is insufficient and it is only when the two are materially inconsistent that the general verdict will not support a judgment. Allen v. D'ErcoleConstruction Co., 104 R.I. 362, 366-7, 244 A.2d 864, 867 (1968). However, before ordering a new trial, the Court has the duty to attempt to harmonize the answers by indulging every reasonable intendment in favor of the general verdict. Wright Miller,Federal Practice and Procedure § 2513 at 231-2 (1973); Seealso Norrie v. Heil Co., 525 A.2d 1332, 1338 (Conn. 1987).
After a review of the jurors' responses to the interrogatories submitted to them, the Court finds that on the relevant and material issue of subsequent alteration, the jurors' findings — namely that the subject product was and was not substantially altered — are irreconcilably inconsistent and cannot be harmonized on any reasonable theory consistent with the evidence and its fair inferences. See Coleman v.Excello-Textron Corp., 572 N.E.2d 856 (Ohio App. 1989) (general verdict for the plaintiff in a strict liability case based mainly on a theory of manufacturer design defect found inconsistent with juror interrogatory finding that product was not defective). Under the Rhode Island law, G.L. 1956 (1985 Reenactment) §9-1-32, the elements of which are essentially restated in the subject juror interrogatories, such a subsequent alteration or modification to a product which is a substantial cause of a plaintiff's injuries absolves the products liability defendant from liability. LaPlante v. American Honda Motor Co. Inc.,27 F.3d 731, 737 (1st Cir. 1994). As the issues of substantial change and causation are inseparable, this Court finds the verdict in the instant case may not stand. See Eck v.Powermatic Houdaille, 527 A.2d 1012, 1020 (Pa. Super. 1987).
As a result of the inconsistency of the jurors' responses, the Court is unable to determine on what basis the jury reached its verdict. Accordingly, plaintiff's motion for a new trial is granted.
Counsel shall submit the appropriate order for entry.