## Lee *v.* Penn-Harris Taxi Service Company, Appellant.

Argued May 28, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry L. Bricker, Jr.,* with him *Robert E. Knupp,* for appellant.

*John C. Dowling,* with him *Huette F. Dowling, George W. McKee, Jr.,* and *Dowling and Dowling,* for appellees.

OPINION PER CURIAM, October 10, 1963:

David E. Lee, a minor, was involved in an intersection accident with a vehicle owned by appellant and operated by its employee. A jury trial resulted in verdicts for the minor and his parents, in the sums of $12,000 and $1,338 respectively.

Appellant's motions for new trial and judgment n.o.v. were refused and judgments were entered on the jury verdicts; this appeal followed.

Appellant argues that the testimony of appellees' witnesses convicts appellees of contributory negligence and that his motion for judgment n.o.v. should therefore have been granted. We have often stated that contributory negligence can be declared as a matter of law only in clear cases and where there is no room for fair and reasonable disagreement as to its existence. *Weidemoyer v. Swartz,* 407 Pa. 282, 180 A. 2d 19 (1962); *McKniff v. Wilson,* 404 Pa. 647, 172 A. 2d 801 (1961). An examination of the record in this case discloses that the question of appellees' contributory negligence was properly submitted to the jury.

Appellant also urges that the trial court erred in its instructions to the jury, relative to the duty of appellant's driver at the intersection. We find no error in the charge, it having properly set forth the law on the subject. Cf. *Eisert v. Jones,* 408 Pa. 73, 182 A. 2d 717 (1962).

Judgments affirmed.