539 A.2d 880

**Marvin G. SWEITZER, Appellant,**

**v.**

**DEMPSTER SYSTEMS, a DIVISION OF CARRIER CORPORATION and Becker Equipment Company and Parker Industries, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1987.

Filed March 31, 1988.

450

Bishop N. Kauffman, York, for appellant.

Robert J. Brown, York, for Dempster, appellees.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

On July 17, 1980, Appellant–Marvin G. Sweitzer was employed by John G. Neiderer & Sons, a trash removal corporation. Sweitzer's responsibilities included the collection of waste from dumpster containers after they were automatically lifted into the back of a garbage truck. On the date in question, Sweitzer's arm was severely injured when a container fell from the rear of the truck as it was being raised from the ground. Sweitzer proceeded to trial on a product liability theory alleging that the mechanism which lifted the trash containers was defectively designed.

Appellee–Dempster Systems was the manufacturer of the "Route King I", the emptying mechanism attached to Neiderer & Sons' garbage truck. The "Route King I" involved in the accident had been sold to Neiderer & Sons by Becker Equipment Company several years after it had been manufactured. The "Route King I" was originally manufactured with a safety device designed to prevent the garbage containers from slipping as they were emptied into the truck. Testimony at trial indicated that this safety device, known

as a container lock, had been removed prior to its sale to Neiderer & Sons by Becker.

Prior to the case going to trial, Sweitzer's claim against Becker was settled. Yet, Becker remained in the suit as a defendant since it had participated in placing the "Route King I" in the stream of commerce. Following trial, the jury returned a verdict in Sweitzer's favor and against Becker for $85,000. The verdict also found in Dempster's favor and against Sweitzer. Post–trial motions were filed and later denied by the trial court. This timely appeal follows.

Sweitzer raises the following three issues on appeal:
1.  Is Plaintiff, Marvin G. Sweitzer entitled to a new trial due to the refusal of the court to provide instruction or guidelines to the jury on the issue of foreseeability;
2.  Is Plaintiff, Marvin G. Sweitzer entitled to a new trial on the strength of the fact that the jury's verdict is inconsistent with both the evidence presented and with the applicable law governing strict liability and products liability; and,
3.  Is Plaintiff, Marvin G. Sweitzer entitled to a new trial because of the prejudicial error arising from Defendant Dempster's counsel's cross examiniation [sic] of the Plaintiff on the issue of Plaintiff's need to work?

We reverse and remand for a new trial.

Sweitzer's initial argument is that the trial court erred in refusing to instruct the jury on foreseeability with respect to the fact that the container lock had been removed thereby causing the accident which resulted in his arm injuries. It was Sweitzer's position during trial that, had the container lock been in place at the time of the accident, the dumpster container would not have fallen from the truck. In addition, Sweitzer averred that the "Route King I" should have been equipped with an interlock system which would have prevented the operation of the lifting mechanism when the container lock was either removed or not in place.

■ Our scope of review in assessing a trial court's denial of a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case. *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413 (1987). Where the motion for a new trial is based upon the sufficiency of the jury charge, we must examine the charge in its entirety against the background of the evidence to determine whether error was committed. If an appellate court concludes that the charge was erroneous, a new trial will be granted only if the jury charge might have prejudiced the appellant. A new trial will be granted even though the extent to which the appellant has been prejudiced is unascertainable. *Gallo v. Yamaha Motor Corporation USA*, 363 Pa.Super. 308, 321–322, 526 A.2d 359, 366 (1987).

■ The general view espoused by this Commonwealth in product liability cases is that a manufacturer or seller of a defective product is liable for harm caused thereby where the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. Restatement (Second) of Torts, § 402A. *See: Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966) (§ 402A adopted as the law of Pennsylvania). However, where it has been found that the product has reached the consumer with substantial change, the question then becomes whether the manufacturer could have reasonably expected or foreseen such an alteration to its product. *Eck v. Powermatic Houdaille*, 364 Pa.Super. 178, 527 A.2d 1012, 1018 (1987), *citing, D'Antona v. Hampton Grinding Wheel Co.*, 225 Pa.Super. 120, 125, 310 A.2d 307, 310 (1973).

■ The role of foreseeability in a product liability case is consistent with the broad and sound social policy underlying § 402A; that is, as between an innocent user of a product and a manufacturer or seller who is engaged in the business of manufacturing or selling a product, risk of loss for injuries resulting from the use of a defective product shall be borne by the manufacturer and/or seller. *Salvador v.*

*Atlantic Steel Boiler Co.,* 457 Pa. 24, 319 A.2d 903, 907 (1974). It follows that "[i]f the manufacturer is to effectively act as the guarantor of his product's safety, then he should be held responsible for all dangers which result from foreseeable modifications of that product." *Eck, supra,* at 527 A.2d at 1019, *quoting Merriweather v. E.W. Bliss Co.,* 636 F.2d 42 (3d Cir.1980).

■ Instantly, Dempster posits that a charge on foreseeability would have been inappropriate inasmuch as Sweitzer's case was based on the allegation that its product was defectively designed. Dempster further argues that the jury verdict established that it was Becker's removal of the container lock, and not the design of the "Route King I", which caused Sweitzer's injury. We disagree.

At trial, the expert testimony of Robert I. Weiner was offered by the plaintiff concerning the design of, and the problems associated with, the safety mechanism of Dempster's product. Weiner testified as follows:

Q. Thank you, Mr. Weiner. Now, Mr. Weiner, we have heard testimony in this case from Mr. John Neiderer, Jr., that these container locks were not in place on the truck that Marvin Sweitzer was hurt on and that he, in fact, removed them from an earlier Route King I, *was the removal or the nonuse of those container locks something foreseeable?*

A. Yes, in my opinion.

(N.T., 174). The witness elucidated by stating that the design of the container lock was not compatible with the environment of the garbage truck. The environment was characterized as follows:

[t]he environment that the lock has to see continuously is one of heavy loads, a lot of vibrations, corrosions, a lot of the constant garbage is spilled on it, it's out in the rain all the time, and with that environment that little bolt and the load on that container lock, if it is struck in any way by the hinge bar of the container, and it could be continuously in loading and unloading operation, can easily be-

come bent or corroded. Eventually, that lock is going to bind.

*   *   *   *   *   *

[I]f you do get any binding, you don't have the leverage to move that lock up or down without having to use a tool like a hammer or crow bar to beat it up and down to beat it into submission that is done conclusive to a part that's going to stay on the truck. *Especially, when you have a piece of—if you have problems like that all of the time, that bar is going to be taken off the truck.*

(N.T., 174–180). Finally, Weiner was asked whether he had an opinion with a reasonable degree of engineering certainty as to the cause of Sweitzer's accident. Weiner replied:

[t]he can came off the cheeks because the container locks were not present *and the container locks were improperly designed, making them inconvenient to use so that they were taken off* and had an interlock been involved in this design when they took the container locks off, they wouldn't have been able to operate the truck.

*   *   *   *   *   *

*[t]he safety locks didn't work properly and were prone not to work by design and that's what caused people to take them off the truck.* They weren't convenient. They were a pain.

(N.T., 193–196).

We are satisfied from these excerpts of the testimony that Sweitzer indeed introduced evidence concerning the foreseeability of the removal of the "Route King I" container locks. That Sweitzer's product liability case was characterized as one based on design defect did not foreclose the introduction of evidence that part of the inherent design defects associated with the product was that container locks were prone to breakdown and would foreseeably be removed by a consumer. Based on the above-cited testimony introduced at trial, the jury should have been instructed that foreseeability was a factor to be considered in determining whether Dempster would be held responsible for injuries resulting from postsale product modification. Ac-

cordingly, we find that the trial court erred in refusing Sweitzer's request for a foreseeability charge thereby possibly prejudicing the plaintiff's case.

The judgment is reversed; the case is remanded for a new trial. Jurisdiction is relinquished.[1]

---

1. Due to the decision we reach on Sweitzer's first issue, we need not consider the remaining two issues.