616 A.2d 1045

**Walter LEE and Jennie Lee**

v.

**PITTSBURGH CORNING CORPORATION, Fibreboard Corporation, Johns–Manville Corp., Eagle–Picher, Keene Corp., Celotex, J.P. Stevens, Owens–Illinois Glass, GAF, PACOR, UNARCO, Raybestos–Manhattan, Southern Textile and Garlock.**

**Appeal of FIBREBOARD CORPORATION.**

Superior Court of Pennsylvania.

Argued April 22, 1992.

Filed Nov. 19, 1992.

Richard T. Wentley, Pittsburgh, for appellant.

Faithe Moore, Philadelphia, for Walter & Jennie Lee, appellees.

Before ROWLEY, President Judge, and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment entered in favor of appellees following the denial of appellant's request for post-trial relief and granting of appellees' request for delay damages. The issues raised on appeal are: (1) Whether the trial court erred in failing to apportion the damages to reflect the jury's finding that cigarette smoking was a substantial cause of the appellee's injuries; (2) Whether the trial court erred in denying appellant's request for a new trial; (3) Whether the trial court erred in refusing to grant remittitur of the jury's verdict; and (4) Whether the trial court erred in granting delay damages. Having determined that the trial court erred when it denied appellant's request for a new trial, we reverse and remand for a new trial.[1]

This dispute arises from the following facts: Appellee, Walter Lee, a former worker at the Philadelphia Naval Shipyard brought an action against appellant and other asbestos manufacturers for damages arising from his exposure to asbestos. Appellee, Jennie Lee, also brought an action for loss of consortium. Specifically, appellees asserted that Mr. Lee developed lung cancer from his occupational asbestos exposure. In support of this proposition, appellees presented the testimony of Dr. James Guidice who testified that Mr. Lee's occupational asbestos exposure was the sole cause of Mr. Lee's lung cancer. Appellant countered that Mr. Lee's cancer was

---

1. Having determined that this case must be remanded for a new trial, we need not address appellant's third and fourth issues.

caused from his long history of cigarette smoking. Mr. Lee did in fact smoke cigarettes at a rate of a pack and one-half per day for thirty years but has not smoked a cigarette for over 18 years. Appellant supported its conclusion with the expert testimony of Dr. Theodore Rodman, who opined that Mr. Lee's cigarette smoking was the sole cause of the lung cancer. Dr. Rodman testified that without evidence of asbestosis, asbestos exposure was not a cause of Mr. Lee's lung cancer. Appellant also offered the expert testimony of Dr. William Weiss who testified that even after a person quits smoking, there still remains a risk of cancer. Dr. Weiss also testified as to the correlation between the location of the cancer in the lung and its cause. Dr. Weiss did not offer any opinions specifically as to the cause or causes of Mr. Lee's condition.

In essence, the controversy boiled down to whether it was appellee's exposure to asbestos or his cigarette smoking that caused his lung cancer. At trial, appellant contended that the jury should be instructed on the law of apportionment, and that any award should be reduced to exclude the damage caused by cigarette smoking. In response to appellant's request the trial court submitted to the jury the following verdict slip:

   1. Do you find that asbestos was a substantial factor in causing Walter Lee's harm?

      YES &#95;&#95;&#95;

      NO &#95;&#95;&#95;

If your answer to question #1 is "no", return to the courtroom as the Plaintiffs cannot recover.

If your answer to question #1 is "yes," proceed to question #2.

   2. Do you find that cigarette smoking was a substantial factor in causing Walter Lee's harm?

      YES &#95;&#95;&#95;

      NO &#95;&#95;&#95;

If your answer to question #2 is "no," proceed to question #4.

If you have answered questions # 1 and # 2 "yes," proceed to question # 3.

3. Taking the two above substantial factors of Walter Lee's harm as a hundred percent, what percentage do you attribute to smoking and what percentage to asbestos?

percentage attributable to smoking            _____ %

percentage attributable to asbestos         _____ %

               Total      100    %

4. Disregarding any of the above percentages, in what amount, if any, do you award damages to plaintiff Walter Lee? ... to Jennie Lee?

and gave this charge:

"If you have answered questions 1 and 2 yes, and have found both asbestos and cigarette smoking were substantial factors in causing the plaintiff's harm, you must then answer question No. 3, and that asks you to—taking the two above substantial factors of Walter Lee's harm as 100 percent, what percentage do you attribute to smoking and what percentage to asbestos. And you assign percentage based on the evidence that you have heard. These two percentages, obviously, have to total 100 percent. You cannot put down five percent here and five percent there and have them total up to 10 percent. They must total 100 percent. Now, the reason for that is that if you find there is a percentage of harm where cigarettes were a substantial factor, the verdict on damages will be reduced by me by that percentage. Not you, but me. And, therefore, when you get to question No. 4, you are to ignore the percentages that you have found in the answer, if you find any in the answer to question No. 3, and you are not to reduce the verdict, but I will. Don't you do it, because then it would be , reduced twice because we wouldn't know you reduced the verdict by that amount."

(T.C.O. at 3–4).

The jury returned a verdict determining that both asbestos and cigarette smoking were substantial factors in causing Mr.

Lee's cancer. The jury apportioned 60% of the cause to smoking and 40% of the cause to asbestos exposure. They awarded Mr. Lee $1,000,000.00 in damages, and Mrs. Lee $500,000.00 for loss of consortium. After the jury returned its verdict, the trial court determined that it would be improper for it to mold the verdict to reflect the jury's apportionment of causation. The trial court reasoned that since all of the experts testified that either cigarette smoking or asbestos exposure was the sole cause of the injury, the jury was not given a sufficient basis upon which to determine the relative contributions of asbestos and cigarette smoking to the cause of Mr. Lee's cancer. Appellant asserts on appeal that the trial court's refusal to apportion was in error and that it is entitled to a molded verdict to reflect the jury's findings or, in the alternative, a new trial.

The first issue raised on appeal is whether the trial court erred in failing to mold the verdict in accordance with the jury's findings.

The rules in this Commonwealth governing apportionment of damages are consistent with those expressed in Restatement (Second) of Torts:

§ 433 A. Apportionment of Harm to Causes

(1) Damages for harm are to be apportioned among two or more causes where

(a) there are distinct harms, or

(b) there is a reasonable basis for determining the contribution of each cause to a single harm.

(2) Damages for any other harm cannot be apportioned among two or more causes.

*Martin v. Owens–Corning Fiberglass,* 515 Pa. 377, 528 A.2d 947, 949 (1987) (plurality opinion). "The rules stated apply also where one of the causes in question is the conduct of the plaintiff herself, whether it be negligent or innocent." *Martin,* 382, 528 A.2d at 949. The determination of whether a harm is capable of apportionment is a question of law, and the burden of proving apportionment rests on the party seeking it. *Id.*

The trial court found our Supreme Court's plurality decision in *Martin v. Owens–Corning Fiberglass, supra* determinative on this issue. In *Martin*, the Court was faced with the issue of whether sufficient evidence was presented to the jury to permit apportionment. The *Martin* Court reviewed the extensive expert testimony and determined that none of the experts separated the causes of the injury. Indeed two of the experts indicated that such a separation was impossible. Based on this evidence, the Court held that facts did not lend themselves to apportionment.

Thus, common sense and common experience possessed by a jury do not serve as substitutes for expert guidance, and it follows that any apportionment by the jury in this case was a result of speculation and conjecture and hence, improper. Rough approximation is no substitute for justice.

*Id.* at 384, 528 A.2d at 950. Since the jury was improperly instructed to apportion the damage award, and the award was obviously apportioned, the Court held that the award must be vacated and the case remanded for a trial limited to damages. *See also Taylor v. Celotex,* 393 Pa.Super. 566, 574 A.2d 1084 (1990).

Presently, we agree with the lower court's decision that there was insufficient evidence upon which the jury could apportion damages between cigarette smoking and asbestos exposure. The expert testimony was diametrically opposed as to the cause of appellee's injury. One of appellant's experts testified that cigarette smoking was the sole cause of the lung cancer. Contrarily, appellees' expert testified that asbestos exposure was the sole cause of the cancer. Neither party provided direct evidence that would attempt to apportion the harm caused by each. Without such testimony, the jury was left guessing at an appropriate apportionment.[2] As such, the trial court acted properly in refusing to mold the verdict in accordance with the jury's decision. Cf., *Taylor, supra* (court

2.   We note that the jury was presented with general information concerning the nexus between cigarette smoking, asbestos exposure and the occurrence of lung cancer, including statistical data on the incidence and relative risks of lung cancer for both smoking and non-smoking asbestos workers as compared to the general population.

properly refused to instruct jury on apportionment when experts did not attempt to apportion the cause of plaintiff's illness among cigarette smoking, asbestos exposure and heart disease); *Borman v. Raymark Industries, Inc.*, 960 F.2d 327 (3rd Cir.1992).

In the alternative, appellant contends that because the jury was instructed on apportionment and the court then refused to mold the verdict, it is entitled to a new trial. This argument has merit. When assessing a trial court's denial of a motion for a new trial, we ask whether the trial court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the case. *Sweitzer v. Dempster Systems*, 372 Pa.Super. 449, 539 A.2d 880, 881 (1988); *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413 (1987). Previously, we have stated:

> Where the motion for a new trial is based upon the sufficiency of the jury charge, we must examine the charge in its entirety against the background of the evidence to determine whether error was committed. If an appellate court concludes that the charge was erroneous, a new trial will be granted only if the jury charge might have prejudiced the appellant. A new trial will be granted even though the extent to which the appellant has been prejudiced is unascertainable. *Gallo v. Yamaha Motor Corporation USA*, 363 Pa.Super. 308, 526 A.2d 359, 366 (1987).

*Sweitzer*, 539 A.2d at 882; *Wood v. Smith*, 343 Pa.Super. 547, 495 A.2d 601, 603 (1985), appeal dismissed 512 Pa. 641, 518 A.2d 266 (1986).

We must remember that it is the primary duty of the trial judge to clarify the issues so that the jury may comprehend the questions it must decide. *Wood*, 343 Pa.Super. at 550, 495 A.2d at 603. The jury in this case was instructed to apportion the harm caused by cigarette smoking and asbestos exposure, and it was told that the judge would then mold the verdict to reflect its apportionment decision. After deciding that both smoking and asbestos were substantial factors in causing Mr. Lee's cancer, the jury apportioned 60% of the cause to smoking and 40% to asbestos exposure. The court

however refused to mold the verdict, in accordance with its instruction to the jury, on the grounds that all the experts testified that either cigarette smoking or asbestos exposure was the sole cause of the cancer.

As we previously stated, we agree with the lower court's determination that the evidence was insufficient for the jury to apportion the harm without engaging in pure speculation. Had the lower court made this determination before instructing the jury to apportion the harm between cigarette smoking and asbestos exposure, we would not be faced with the present problem. Nevertheless, the jury was instructed that possibly both cigarettes and asbestos caused Mr. Lee's cancer. By refusing to grant appellant's request for a new trial, the lower court awarded damages grounded upon liability determined pursuant to an *erroneous jury instruction.*

We are convinced such error requires a new trial. Assuming the jury had not been instructed to apportion the causes of harm, it is certainly possible that appellant might have been absolved of liability, given the jury's determination that cigarettes were 60% responsible for Mr. Lee's cancer. Also, appellant's experts testified that there was no evidence of asbestosis and the location of the cancer was consistent with cigarette smoking. Such facts could have prompted the jury to find that cigarette smoking was the lone cause of Mr. Lee's illness if they had not been instructed to apportion damages. Accordingly, we reverse and remand for a new trial.[3]

Judgment vacated. Case remanded for a new trial.

MONTEMURO, J., files a concurring and dissenting opinion.

3. The present action is factually distinguishable from *Martin, supra.* Therein, the case was remanded for a new trial limited to the issues of damages, after it was determined that the evidence was insufficient to support the jury's verdict which apportioned the harm between cigarette smoking and asbestos exposure. In *Martin, supra,* the experts did not separate the causes of the injury, and in fact, two of the experts testified it was impossible to determine the relative culpability of cigarettes and asbestos. However, presently, the expert testimony indicated that the *sole* cause of the injury was either cigarette smoking or asbestos exposure. Therefore, the jury's determination (after being

MONTEMURO, Judge, concurring and dissenting:

I join both the result and rationale reached by the majority with respect to the first issue presented, and I agree that the jury was incapable of apportioning the harm without speculation. I disagree, however that a new trial is necessary.

The majority states that the "jury in this case was instructed to apportion the harm caused by cigarette smoking and asbestos exposure." Majority op. at 430. While admittedly the verdict slip presented to the jury contained extraneous information as to the court's role in this process, the court did not instruct the jury that it had to apportion the harm. If the jury determined that cigarette smoking was the sole factor, or that asbestos was not a substantial factor, they were certainly free to absolve the asbestos manufacturers of liability. Instead the jury found that asbestos exposure was a substantial factor. I believe that the majority, by granting a new trial, is improperly assuming that the jury was incapable of following the clear instruction of the trial court.

Further, granting a new trial is inconsistent with the result reached in *Martin v. Owens–Corning Fiberglass*, 515 Pa. 377, 528 A.2d 947 (1987) (plurality opinion). In *Martin*, after determining that the jury was improperly instructed on apportionment, the Court stated, "since the jury obviously apportioned to arrive at the verdict, ... and the only trial error involves the issue of damages, the appropriate remedy is a new trial limited to the issue of damages." *Id.* at 385, 528 A.2d at 951. Thus, *Martin* stands for the proposition that when an improper apportionment charge is given, and the jury has already molded the verdict, a new trial limited to damages is needed. The majority distinguished *Martin* by stating:

presently, the expert testimony indicated that the *sole* cause of the injury was either cigarette smoking or asbestos exposure. *Therefore, the jury's determination (after being*

instructed to apportion the harm) that both were substantial causes of Mr. Lee's cancer is not supported by the evidence. Accordingly, we find that the apportionment instruction misled the jury into believing that both cigarette smoking and asbestos could be substantial causes of appellee's illness, and we must remand the case for a new trial on the issues of liability and damages.

*instructed to apportion the harm) that both were substantial causes of Mr. Lee's cancer is not supported by the evidence.* Accordingly, we find that the apportionment instruction misled the jury into believing that both cigarette smoking and asbestos could be substantial causes of appellee's illness, and we must remand the case for a new trial on the issues of liability and damages.

Majority op. at 431–432, n. 3. (emphasis added).

I disagree with the majority's statement that there was insufficient evidence to find that both asbestos exposure and cigarette smoking were substantial causes of Mr. Lee's cancer. As the majority recognizes:

the jury was presented with general information concerning the nexus between cigarette smoking, asbestos exposure and the occurrence of lung cancer, including statistical data on the incidence and relative risks of lung cancer for both smoking and non-smoking asbestos workers as compared to the general population.

Majority op. at 429, n. 2. Further, Dr. Rodman's testimony that cigarette smoking was the sole cause of appellee's injury, and Dr. Guidice's contradictory opinion that asbestos exposure was the sole cause of the harm do not necessarily preclude a jury from finding that both were substantial factors, since, the jury was free to believe all, none, or part of these experts' testimony.[1] *See Martin supra* 515 Pa. at 391, 528 A.2d at 954 (Hutchinson, J., dissenting) citing *Weidemoyer v. Swartz,* 407 Pa. 282, 180 A.2d 19 (1962). Since there was a sufficient basis for finding that both asbestos exposure and cigarette smoking were substantial causes of Mr. Lee's cancer, I find the majority's distinguishing of *Martin* unpersuasive.

The proper interpretation of *Martin* supports affirming rather than reversing the trial court. In *Martin,* the full extent of the damages were unknown because the jury had already molded the verdict. Thus, a new trial limited to

[1]. This is not to say that appellant presented sufficient evidence for the jury to apportion without speculation. I am in full agreement with the majority that an apportionment instruction should not have been presented to the jury.

damages was necessary. In the present case, the total amount of damages were known as the trial court expressly instructed the jury not to mold the verdict. The trial court was therefore able to correct its error in permitting the jury to apportion, by simply refusing to mold the verdict. As such, unlike *Martin,* a remand for a new trial is unnecessary. Accordingly, I dissent.