J-A10014-17

2017 PA Super 415

| | | |
|---|---|---|
| WILLIAM C. ROVERANO AND JACQUELINE ROVERANO, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN CRANE, INC. AND BRAND INSULATIONS, INC. | : | No. 2837 EDA 2016 |
| | : | |
| APPEAL OF: BRAND INSULATIONS, INC. | : | |

Appeal from the Judgment Entered July 27, 2016
In the Court of Common Pleas of Philadelphia County, Civil Division at
No(s):  March Term, 2014, No. 1123

| | | |
|---|---|---|
| WILLIAM ROVERANO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN CRANE, INC. | : | |
| | : | |
| Appellant | : | No. 2847 EDA 2016 |

Appeal from the Judgment Entered July 27, 2016
In the Court of Common Pleas of Philadelphia County, Civil Division at
No(s):  March Term, 2014, No. 1123

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

CONCURRING AND DISSENTING OPINION BY SOLANO, J.:

**FILED DECEMBER 28, 2017**

I join in full the portion of the Majority Per Curiam Opinion under the heading "6. Fair Share Act."  Because I believe the jury charge failed clearly to explain what proof of causation was needed to establish liability, I would remand for a new trial on liability, and not just on apportionment of damages.

A trial court has wide latitude in framing its charge to a jury, and we will order a new trial "only when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue." **Phillips v. Lock**, 86 A.3d 906, 916-17 (Pa. Super. 2014); **see Tincher v. Omega Flex, Inc.**, 104 A.3d 328, 351, 407 (Pa. 2014) (jury charge is inadequate if "the issues are not made clear" or "the jury was misled by the instructions").

Here, the relevant portion of the trial court's instructions to the jury came in four parts. First, while explaining the Verdict Sheet, prior to closing arguments, the court stated:

> The first question I said deals with exposure to the particular product of the defendant. Now, these are the elements the plaintiff has to prove that exposure. Number one, was the plaintiff exposed to the product of the defendant, did it contain asbestos, was the plaintiff exposed to the asbestos fibers of that particular defendant on a regular, frequent, and proximate basis. And they're the elements that must be proven by this fair preponderance or fair weight of the evidence that I'll get to later in order for you to answer yes.
>
> Now, the second question deals with whether these products manufactured, distributed, or supplied by the individual defendants was a factual cause in bringing about the plaintiff's lung cancer. In other words, did this exposure[,] if you find it, was it a factual cause in bringing about his lung cancer, did the plaintiff suffer from an asbestos-related disease, the lung cancer, that is, was it caused by the exposure.

N.T., 4/13/16, at 36-37. Second, following closing arguments, the court instructed:

> You must determine whether or not the asbestos product either manufactured, distributed, or supplied by the individual defendant contained asbestos and was the – did it emit, did it give

- 2 -

off fibers, these asbestos fibers, on a regular – to the defendant – I mean to the plaintiff, was the plaintiff exposed to these fibers on a regular, frequent, and proximate basis.

Now what do I mean by regular? Usual, recurring, habitual in action.

Frequent: Occurring often, happening repeatedly.

Proximate: Close, near in space.

So the elements are dealing with, and you deal with each one individually, did the product contain asbestos, was the plaintiff exposed to the asbestos fibers coming out of that product on a regular, frequent, and proximate basis. That's your initial exposure question and that would deal with John Crane on question one and Brand Insulation on question three.

The second question deals with causation. Now, obviously – and I give you road instructions, I've gone over this. If you answer no on the exposure question, you don't get to causation. You get to causation if you answer yes to the exposure question. And here the question is, were the asbestos products manufactured, distributed, or supplied by that particular defendant, John Crane, Brand Insulation, you discuss these separately, was it a factual cause in bringing about lung cancer.

In short, did the plaintiff suffer from an asbestos-related disease, that is, was the lung cancer an asbestos-related disease.

Now, what do I mean by factual cause? Well, you can imagine with lawyers and with judges there's been a lot of discussion as to what do we mean by factual cause. I used to use the word substantial factor. I think they mean the same, but today we're using factual cause.

Factual cause is a legal cause. In order for the plaintiff to recover in this case, the exposure to the defendant's asbestos products must have been a factual cause in bringing about his lung cancer. This is what the law recognizes as a legal cause.

A factual cause is an actual real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with Mr. Roverano's lung cancer.

And again, as I said, and I think this makes sense, you would treat each defendant separately, but your inquiry is the same as far as the liability is concerned.

*Id.* at 116-19. Third, following the charge, counsel for the Roveranos pointed out that the court had not given a charge on concurring causes. The court then told the jury:

In my defining the causation question, that is the factual cause, I'm not sure if I said this, but I should. You can have more than one factual cause in bringing about a given end.

*Id.* at 130. Finally, after the jury began deliberations, it sent a question to the court that asked, "Can you please give us the definition of factual?" *Id.* at 134. In response, the court instructed:

Now, you want me to define this causation question, a legal causation question, which, as you know, would apply to both defendants. So the definition of factual cause in question two and in question four are the same. It's the same area of inquiry. Was the plaintiff Mr. Roverano exposed to asbestos products manufactured, distributed, and supplied by the particular defendant? Now – I'm sorry, strike that.

Were the asbestos products manufactured, distributed, supplied by the particular defendant a factual cause in bringing about plaintiff's lung cancer?

Factual cause is a legal cause, sometimes referred to as substantial factor, but it's the same – in my opinion they're the same definition, so I'm going to give you the definition of factual cause as a legal cause.

In order for the plaintiff to recover in this case, the exposure to the defendant's products based on the elements that I gave you about that must have been a substantial – must have been a factual cause in bringing about Mr. Roverano[,] the plaintiff's[,] lung cancer. This is what the law recognizes as a legal cause.

A factual cause is a real actual – a factual cause is an actual real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only a significant connection with the lung cancer.

Keep in mind you could have more than one cause which is a factual cause, but that's for you to decide. If you've got a couple of causes and you say one is not a factual cause and one is, then it can only be the one that you find the factual cause, but you can find that both were factual cause. That's up to you. You're the fact finders.

*Id.* at 135-37.

The instruction regarding the Verdict Sheet properly told the jury that it had to determine "whether [each Appellant's] products . . . w[ere] a factual cause in bringing about the plaintiff's lung cancer," or, more simply, was Mr. Roverano's lung cancer "caused by the exposure" to those products. N.T., 4/13/16, at 36-37. But then the court sought to define "factual cause." The court told the jury that it used to use the words "substantial factor" to explain the requirement, but it then did not explain what that phrase meant. Instead, it said that a "[f]actual cause is a legal cause," that exposure to Appellants' products "must have been a factual cause in bringing about [Mr. Roverano's] lung cancer," and that "[t]his is what the law recognizes as legal cause." *Id.* at 118-19. The court said a "factual cause is an actual real factor," rather than an imaginary or insignificant one, and that more than one factual cause can bring about a "given end." *Id.* at 119, 130.

The jury apparently perceived that the court's tautological definitions of "factual cause" as "a legal cause" and of "legal cause" as being what the law recognizes when there is a "factual cause" provided little guidance regarding

- 5 -

what it was to determine, and it therefore asked the court to define "factual." N.T., 4/13/16, at 134. In response, the court said, "Factual cause is a legal cause, sometimes referred to as substantial factor, but it's the same . . ., so I'm going to give you the definition of factual cause as a legal cause." *Id.* at 136. The court said that exposure to Appellants' products "must have been a substantial — must have been a factual cause in bringing about Mr. Roverano['s] lung cancer." *Id.* The court then repeated that a factual cause had to be "an actual real factor," and not an imaginary or insignificant one, and that there could be concurrent factual causes. *Id.* at 137.

The clearest portions of the court's charge are those that incorporate material from Section 13.20 of Pennsylvania's proposed standard jury instructions for civil cases. That material includes instructions that a factual cause must be an actual, real causative factor that is not imaginary or insignificant and that there can be concurrent causes of an injury. But despite those are subsidiary, I am left with the conviction that the charge as a whole tended to sow confusion, rather than clarity, on one of the key contested issues in this case.

My concern is that the charge was confusing; what was said was not necessarily erroneous. The main purpose of the "but for" aspect of a causation instruction is to inform the jury that it may not hold liable a defendant whose conduct did not in some way cause the plaintiff's harm. *See* Pa. Standard Jury Inst. (Civ.) § 13.20 (2016) (charge that defendant's misconduct "must have been a factual cause in bringing about harm"). But the trial court's

charge conveyed that message. Under general tort law, "but for" causation is subsumed within the more stringent requirement that a cause must be sufficiently "proximate" or "substantial" to permit recovery, *see, e.g., Alumni Ass'n, Delta Zeta Zeta v. Sullivan*, 535 A.2d 1095, 1098 (Pa. Super. 1987), *aff'd*, 572 A.2d 1209 (Pa. 1990), and this remains true in asbestos cases. *See Rost v. Ford Motor Co.*, 151 A.3d 1032, 1050 (Pa. 2016) ("our law regarding proof of substantial causation is the same for exposure to asbestos as it is in other tort contexts"), 1049 ("[t]o establish proximate causation, a plaintiff must adduce evidence to show that the defendant's act was a substantial factor in bringing about the plaintiff's harm"). The two causation concepts therefore may be conflated in describing the elements of proof. *See id.* at 1037 n.2 (stating, with respect to causation, only that plaintiff must prove "that the defect was the substantial factor causing the injury").

Because physical harm may result from exposure to relatively small amounts of asbestos, the Supreme Court has required "evidence that exposure to defendant's asbestos-containing product was sufficiently 'frequent, regular, and proximate' to support a jury's finding that defendant's product was substantially causative of the disease." *Rost*, 151 A.3d at 1044; *see id.* at 1043, 1047; *Gregg v. V-J Auto Parts, Co.*, 943 A.2d 216 (Pa. 2007). The trial court instructed the jury on this requirement, but it did not clearly identify the requirement as an element of causation. The court also charged about concurrent causes of indivisible injuries, which was important for resolution of the conflicting claims about which, if any, of the defendant's

products was a cause of Mr. Roverano's cancer and whether the cancer was caused by a factor unrelated to the defendants, such as his smoking. ***See Rost***, 151 A.3d at 1051 (explaining that "multiple substantial causes may combine and cooperate to produce the resulting harm to the plaintiff"); ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1164-65 (Pa. 2010) (same).

The trial court's charge thus did not materially depart from the governing legal principles, but it did not clearly explain them either. Instead, it substituted terms such as "factual cause" and "legal cause" for more sophisticated concepts that required explanation, and it failed to provide clear definitions of the terms it used. The resulting charge, as I read it, generates more confusion than clarity. I understand my colleagues' reluctance to overturn a jury verdict where the trial court made a good-faith effort to simplify such a complex area of the law. But because the purpose of a charge is "to clarify the issues so that the jury may comprehend the questions it must decide," ***Lee v. Pittsburgh Corning Corp.***, 616 A.2d 1045, 1049 (Pa. Super. 1992), and because the court's charge failed to clarify the issues here, I believe a new trial on liability is warranted.